UNITED STATES v. CHARLES H. WYMAN & CO.

(Circuit Court of Appeals, Eighth Circuit.   July 22, 1907.)

Nos. 1,798, 2,580.

1. CUSTOMS DUTIES—PROTEST—PERIOD FOR FILING.

Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], permitting protests against decisions of collectors of customs to be filed "within ten days after but not before" liquidation of the entries, fixes definitely the time within which a protest must be filed; and, if not filed within this period, a protest is invalid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 198.]

2. SAME—EXTENSION OF TIME—CUSTOMHOUSE ERROR.

By a customhouse error the date of liquidation was stated in an entry as being later than it was in fact, and a representative of the importer was thereby misled; but the correct date was given in both a notice sent to the importer and the liquidation bulletin posted for inspection by importers.   Held, that the error did not have the effect of extending the period for filing protests, prescribed by Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933].

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 198.]

3. SAME—LIQUIDATION—DISCREPANCY IN DATE.

For the purpose of ascertaining the date for filing protests, importers are bound to take notice of the dates given in the liquidation bulletin publicly posted as prescribed by the customs regulations; and, in case of conflict between the bulletin and notations on the entry, they should be governed by the former.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 198.]

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

Edward P. Johnson, Asst. U. S. Atty. (Henry W. Blodgett, U. S. Atty., on the brief), for the United States.

Clinton Rowell and Joseph H. Zumbalen, for importers.

Before VAN DEVANTER and ADAMS, Circuit Judges, and RINER, District Judge.

RINER, District Judge.   This is an appeal from an order of the Circuit Court for the Eastern district of Missouri, reversing the action of the Board of United States General Appraisers in overruling the protest of Charles H. Wyman & Co., a corporation, importer, and further ordering that the surveyor of customs at the port of St. Louis reliquidate the entry in controversy according to certain findings made by the court.

It appears from the record that Wyman & Co. imported on the steamer Wilhelm der Grosse from Bremen two cases, numbered 521 and 525, containing millinery, buckles, and ornaments valued at $135. The importation was entered on the 3d day of July, 1900, at the port of St. Louis as No. 17.   The duty thereon was fixed at 60 per cent. ad valorem, under paragraph 434 of the tariff act of 1897.   Act July 24, 1897, 30 Stat. 151, c. 11 [U. S. Comp. St. 1901, p. 1676].   The en-

try was liquidated July 6, 1900. The liquidating clerk, by mistake, made the date of liquidation July 7, instead of July 6, 1900, the figure "7" being in red ink. He then passed the entry back to the entry clerk, who discovered the error in the date and corrected it by drawing a line through the figure "7" and writing over it in black ink the figure "6." It was admitted by the importer that the change was not made with the intent to injure or benefit any one. The record of the liquidation of this entry, No. 17, in the entry clerk's office, shows that it was liquidated July 6, 1900. The evidence shows that the entry was placed upon the bulletin of liquidations, which is posted for the inspection of importers; and it is stipulated between the parties that the bulletin sheet of July 6, 1900, shows this entry to have been posted as liquidated July 6, 1900. The importer also received notice dated July 6, 1900, from the entry clerk, advising it of the liquidation of this entry; and the memorandum on the back of this notice setting forth the data from which to prepare a protest was admitted to be in the handwriting of Mr. Hollman, acting for and on behalf of the importer. The protest was presented to the surveyor of customs on the 17th of July, 1900, who declined to receive it on the ground that it was not presented in time. It was then presented to the Board of United States General Appraisers, who, after hearing, on the 17th of October, 1905, sustained the decision of the surveyor. An application was then made, within the time allowed by law, to the Circuit Court for the Eastern district of Missouri, for a review of the questions of law and fact involved in the decision; and upon consideration of the evidence taken by the Board of General Appraisers, together with some additional evidence taken pursuant to an order of court, the Circuit Court entered the order here complained of.

Two questions are presented by this record: First, was the protest presented in time; and, second, if so, was the merchandise properly assessed at 60 per cent. ad valorem, as jewelry, under paragraph 434 of the act of 1897?

Section 14 of an act of Congress (Act June 10, 1890, 26 Stat. 137, c. 407 [U. S. Comp. St. 1901, p. 1933]), entitled "An act to simplify the laws in relation to the collection of revenue," approved June 10, 1890), so far as it becomes necessary for the determination of the question first suggested, is as follows:

"That the decision of the collector as to the rate and amount of duties chargeable upon imported merchandise, including all dutiable costs and charges, and as to all fees and exactions of whatever character (except duties on tonnage), shall be final and conclusive against all persons interested therein unless the owner, importer, consignee, or agent of such merchandise, or the person paying such fees, charges, and exactions other than duties, shall, within ten days after 'but not before' such ascertainment and liquidation of duties, as well in cases of merchandise entered in bond as for consumption, or within ten days after the payment of such fees, charges, and exactions, if dissatisfied with such decision give notice in writing to the collector, setting forth therein distinctly and specifically, and in respect to each entry or payment, the reasons for his objections thereto, and if the merchandise is entered for consumption shall pay the full amount of the duties and charges ascertained to be due thereon."

We think the provision of the statute above quoted fixes definitely the time within which the protest must be filed, and that the 10 days

begins to run from the date of final liquidation.  Prior to this act of 1890, a protest could be filed at any time after entry and duties estimated thereon;  the final liquidation being regarded only as fixing the limit beyond which notice could not be given.  Davies v. Miller, 130 U. S. 284, 9 Sup. Ct. 560, 32 L. Ed. 932.  The case of Davies v. Miller was decided in 1889, and the statute in force at that time provided that the decision of the collector should be final unless the owner, importer, agent, or consignee of the merchandise—"shall within ten days after the ascertainment and liquidation of duties  *  *  * give notice in writing to the collector on each entry, if dissatisfied with his decision, setting forth therein distinctly and specifically the grounds of his objection thereto."  This provision, as already suggested, the Supreme Court held, only fixed the limit beyond which notice could not be given;  and it was doubtless for the very purpose of avoiding the inconvenience arising from this practice that in the act of 1890 the words "but not before" were inserted in section 14, thus confining the time of the protest to within 10 days from final liquidation and to prevent it from being filed either before the final ascertainment or after the expiration of the 10 days from such final ascertainment.  In re Guggenheim Smelting Company, 112 Fed. 517, 50 C. C. A. 374; In re Bailey et al., 112 Fed. (C. C.) 413.

It is admitted that this entry, No. 17, was as a matter of fact liquidated on the 6th of July, 1900, but it is insisted that, because the liquidating clerk by inadvertence indorsed upon the entry in red ink the words "liquidated July 7th, 1900," the time for filing the protest began to run from that date.  While it is true that Mr. Hollman, representing the appellee, stated in his affidavit that he obtained possession of entry No. 17 in order to get the details of the assessment for the purpose of filing protest if necessary, and that he did not observe any date other than the date of July 7, 1900, as indicating the date of liquidation;  yet in our judgment the fact, if it was a fact, that the correction of the date on the entry had not been made until after Mr. Hollman's examination, which he states in his affidavit was made July 7, 1900, would not have the effect to extend the time, for the importer was not bound to take notice of the notations made by the liquidating clerk on the entry, but was bound to take notice of the liquidation bulletin sheet posted for inspection by importers and the notice sent to the importer by the entry clerk.  Article 1417 and article 1460, Customs Regulations 1899.  It is admitted that both the notice sent to the importer and the liquidation bulletin sheet in relation to this entry were dated July 6, 1900, and that the liquidation bulletin sheet shows the entry in question to have been posted as liquidated on July 6, 1900.  We think, too, that the record clearly shows that the correction of the date on the entry itself was made on July 6, 1900, the date of liquidation, and the fact that Mr. Hollman did not see it was due to some oversight on his part.  Mr. Johnson, the entry clerk, testified that entries were recorded the day they were received in a record book called "Record of Liquidations," and that this entry, No. 17, appeared upon that book as liquidated July 6, 1900, and that no change or correction in relation to this entry was made upon the record.  Hence the correction of the date upon the entry, it is reasonable to presume, was

made before the entry was recorded. It follows from what has been said that the decision of the Board of General Appraisers was right, and should have been affirmed.

The conclusion reached upon the first question presented by the record renders it unnecessary to consider the second question.

The order of the Circuit Court is reversed, with directions to affirm the decision of the Board of United States General Appraisers.