WOOD & SELICK, INC. *v.* UNITED STATES (No. 3965)[1]

United States Court of Customs and Patent Appeals, January 25, 1937

*Beardsley & Bradley* (*James W. Bevans* of counsel) for appellant.
*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Francis J. Hogan*, special attorney, of counsel), for the United States.

[Oral argument December 10 ,1936, by Mr. Bevans and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court dismissing appellant's protest as untimely.

The record contains the following stipulation entered into by counsel for the parties:

Protest No. 631438–G.
Collector's protest No. 49084.
Protest filed November 21, 1932.
Warehouse bond entry No. 120571.
Entered April 10, 1929.
Liquidated October 9, 1929, with duty statement showing 408,352 pounds at 1 cent.
Final withdrawal of merchandise March 4, 1930.
Entry reliquidated November 3, 1930, with ·duty statement showing 370,040 pounds at 1 cent and 38,312 pounds at 1½ cents.
Amount of $574.68 paid to Collector of Customs September 27, 1932.

That there was not at any time issued to the importer herein a notice that reliquidation of the entries had taken place, except by posting at the Customhouse.

That the protests be deemed resubmitted upon this stipulation and the papers in the case.

The trial court, in dismissing the protest, held that the posting of the notice of reliquidation of the entries in the customhouse was sufficient notice to the importer, and that as the protestant failed to file a protest within sixty days after such notice, as required by the provisions of section 514 of the Tariff Act of 1930, it was not entitled to relief under that section. In so holding, the trial court relied upon our decision in the case of *Gallagher & Ascher* v. *United States*, 21 C. C. P. A. (Customs) 313, T. D. 46832.

It appears from the record that the merchandise in question— Brazil nuts—was imported into the United States under the Tariff Act of 1922, and was entered for warehousing under that act; that the "Final withdrawal of merchandise" was made "March 4, 1930," several weeks prior to the enactment of the Tariff Act of 1930; and that, according to the records in the office of the collector at the port of New York, all but 38,312 pounds was withdrawn and entered for consumption under the Tariff Act of 1922.

The question of how 38,312 pounds of nuts could have remained in the warehouse at the time of the enactment of the Tariff Act of 1930, when the final withdrawal had been made several weeks prior thereto, is one difficult for us to understand, but, in view of the statutory provisions, is one with which we are not concerned.

It is contended by counsel for appellant that as the involved merchandise was withdrawn from the Government warehouse and entered for consumption prior to the enactment of the Tariff Act of 1930, the reliquidation by the collector under that act was absolutely null and void, and that, therefore, the provisions of section 514 of the Tariff Act of 1930, in view of the provisions of section 521 of that act, were not intended to limit the time within which the importer might.protest such void reliquidation.

In other words, it is the contention of counsel for appellant that as the reliquidation was null and void, the remedial statute, requiring the filing of a protest within sixty days after reliquidation, was not intended by the Congress to be operative, but that, on the contrary, the protestant had the right to file a protest within sixty days from the time of the receipt of actual notice of the reliquidation.

The statutes in question read as follows:

SEC. 514. PROTEST AGAINST COLLECTOR'S DECISIONS.

Except as provided in subdivision (b) of section 516 of this Act (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

SEC. 521. RELIQUIDATION ON ACCOUNT OF FRAUD.

If the collector finds probable cause to believe there is fraud in the case, he may. reliquidate an entry within two years (exclusive of the time during which a protest is pending) after the date of liquidation or last reliquidation.

It is not our province here, in view of the issues involved, to discuss the validity of the action of the collector in reliquidating the involved

entry and charging the importer with duties under the Tariff Act of 1930 on goods which, according to the stipulation, had apparently been entered for consumption by the importer under the Tariff Act of 1922, but, according to the collector's letter and the "papers [which by the stipulation were made a part of the record] in the case," had not been withdrawn, or, at least, no permit of delivery had been issued therefor, prior to the enactment of the Tariff Act of 1930.

It is conceded by counsel for appellant that appellant owed the Government duty on the involved merchandise, but it is contended by counsel that the merchandise should have been assessed with duty at 1 cent per pound under the Tariff Act of 1922, rather than 1½ cents per pound under the Tariff Act of 1930.

It is obvious that at the time of the reliquidation by the collector, the importer's relations with the customs officials with respect to the merchandise here involved had not ceased.

Subsequent to the reliquidation complained of, the importer paid the duties here involved. Accordingly, the sole issue before us is as to the timeliness of the importer's protest.

We preface our discussion with the remark that the Government has consented that it may be sued upon certain conditions only. Such conditions, including a "statute of limitations," are provided for in sections 514 and 521, *supra*.

The question presented to us is whether, under the statutory provisions here involved, appellant is entitled to recover the payments it now claims were unlawfully exacted.

So that there may be no misunderstanding, we quote from the report of the collector, which is made a part of the record by the stipulation entered into:

The reliquidation was made within one year from the date of final recorded withdrawals. The dutiable quantity was the landed net weight in the absence of any loss such as is provided for in section 563, Act of 1930.

Obviously then, the collector had the legal right to reliquidate the entry, and the provisions relating to fraud contained in section 521, *supra*, have no application.

Section 514, *supra*, provides the conditions under which a protest may be filed. The protestant having failed to comply with the provisions of the statute may not be heard to complain here. See *Gallagher & Ascher* v. *United States*, *supra*, where this court's holding, so far as the issues here are concerned, is correctly stated in the headnotes as follows:

2. LEGALITY OF LIQUIDATION—PROTEST—SIXTY DAYS TIME LIMIT.

Section 514, Tariff Act of 1922, fixes a time limit of 60 days, within which even the legality of a liquidation must be protested, and provides if not protested within such time, such liquidation "shall be final and conclusive upon all persons".

3. NOTICE OF LIQUIDATION.

*Held* that appellant had at least constructive notice of the liquidation on the day of its completion by reason of the provisions of paragraph (g), article 741 of Customs Regulations of 1923. *United States* v. *Wyman*, 156 Fed. 97.

For the reasons stated, we are in entire accord with the conclusion reached by the trial court, and its judgment is *affirmed*.