(C. D. 79)

ASTRA BENT WOOD FURNITURE CO., INC. *v.* UNITED STATES

## United States Customs Court, Second Division

(Decided January 17, 1939)

*Strauss & Hedges* for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before DALLINGER, TILSON, and KINCHELOE, Judges

DALLINGER, Judge: At the hearing of this case held on October 10, 1938, counsel for the Government moved to dismiss the protest on the ground that there is no authority in law for the filing thereof under section 514 of the Tariff Act of 1930, in that it was not filed against a decision of the collector within the meaning of that section. Decision on the motion was reserved and counsel granted time within which to file briefs.

So far as here pertinent, the protest reads:

NEW YORK, *April 13, 1937.*

HON. COLLECTOR OF CUSTOMS, PORT OF NEW YORK.

SIR: Notice of dissatisfaction is hereby given with, and protest hereby made against, your ascertainment and liquidation of duties, and your decision (including the legality of all orders and findings entering into the same) assessing duty at 45% ad val., or other rate or rates, on screws, bolts, or similar merchandise, covered by entries below named. The reasons for objection, under the Tariff Act of June 17, 1930, are as follows:

Said merchandise is covered by, and is dutiable under, par. 338 at only 25% ad val., or Par. 330 at only 1 cent per pound.

\* \* \* \* \* \* \*

| Entry No. | Vessel | Entered | Bond No. | ~~Liquidated~~ | Marks and Nos. |
|---|---|---|---|---|---|
| 823668 | Deutschland | May 9, 1933 | C | Refusal to post *alleged liquidation* Apr. 7, 1937. | |

Respectfully,

ASTRA BENTWOOD FURNITURE Co., INC.
By STRAUSS & HEDGES, *Attorneys*,
11 Broadway, New York City.

Annexed to the protest is the following letter from the collector of customs at New York:

The ASSISTANT ATTORNEY GENERAL,
201 Varick Street, N. Y. C.

SIR:
This protest is lodged against the alleged refusal of the Collector of Customs to post the liquidation of Consumption Entry No. 823668.

The entry was made on May 5, 1933, and was posted as "Liquidated" on December 6, 1934. In the posting, the following information was given:

| Entry | Importer | S/S | Remarks Increase |
|-------|----------|-----|------------------|
| 823668 | Astringent Wood Furniture Co. | Deutschland | $42. 80 |

The name of the importer was erroneously given as "Astringent Wood Furniture Co.," instead of "Astra Bent Wood Furniture Co."

As evidence that the importer was aware of the posting of his entry, in respond to the "Notice of Duties Due" (Customs Form 5107), sent to the said importer, the increase was paid under date of Jan. 29, 1935.

The protest was filed April 12, 1937, more than 60 days subsequent to Dec. 6, 1934, the date of liquidation, and is untimely notwithstanding the claim of the importer that he had not received notice of liquidation, it appearing that he had in fact paid the additional duties imposed by the liquidation in question. See *Stein* v. *United States.*, 11 Ct. Cust. Appeals 137, T. D. 38937.

Respectfully,

HARRY M. DURNING, *Collector.*
Per GEORGE A. PINK, *Clerk.*
*Jul. 31, 1937.*

## Accompanying the motion papers is an affidavit which reads:

STATE OF NEW YORK, ⎱
CITY AND COUNTY OF NEW YORK ⎰ ss:

P. Martin Ollinger, being duly sworn, deposes and says: I am in the employ of Strauss & Hedges, 11 Broadway, customs attorneys, and have been for the past twenty-four years. It is a part of my duty to watch for the liquidation of entries. The law requires that protest be filed within sixty days after, but not before, the liquidation of an entry. I rely upon the regulations of the Treasury Department which, at the time, were embodied in Articles 849 (c) and 820 (h), Customs Regulations 1931, and read as follows:

The "date of liquidation" is the date of liquidation stamped upon the entry, and the posting of the same in a conspicuous place in the customhouse is held to be sufficient notice thereof.—Article 849 (c).

\* \* \* The entry will then be immediately stamped with the word "liquidated" and the date of stamping, which is the legal evidence of liquidation, and on the same day a bulletin notice thereof (customs Form 4333) must be posted in a conspicuous place in the customhouse for the information of importers.—Article 820 (h).

In accordance with these regulations the Collector at the Port of New York posts bulletins of each day's liquidations. These bulletins are known as sheets. I had in my care entry 823668, May 9, 1933, of Astra Bent Wood Furniture Co. The liquidation of this entry was never posted on the sheets. There was a liquidation posted as entry 823668, May 9, 1934, of Astringent Wood Furniture Co. It will be noted that both the name of the importer and the year were in-accurate.

In addition to the aforementioned sheets, the Collector keeps books of registration in which the entries for each year are kept in numerical order. I use these as a check on my examination of the sheets. No liquidation appeared in the registration books for entry 823668 of 1933.

The importers never advised us of the payment of any additional duty in this case. It is not customary to do this because the date of the payment of duties has nothing to do with the filing of protests. The law makes the filing of protests dependent upon the date of liquidation, not upon the date of payment of duties. When receiving his demand for additional duties, the importer could not possibly

have known that the liquidation of the entry was not posted intelligibly. He had no reason, therefore, to notify us of the demand for duty.

It is a frequent occurrence at the Port of New York that the entries are not liquidated until long after they have been made. Therefore, it was of no significance that the entry here in question had apparently not been liquidated. After some time, however, I checked up the entry itself and found that it had been stamped "liquidated," but had never been posted nor the liquidation entered in the registration books. Thereupon, we wrote to the Commissioner of Customs by letter dated February 9, 1937, and received his reply dated April 7, 1937. A correct copy of our letter and the communication received from the Chief of the Division of Entry and Appraisement, Bureau of Customs, at Washington, are hereto attached. The extract of the liquidation notice given in the letter of the Commissioner of Customs to the Collector of Customs is substantially correct. The figure 9 in the column "Date of Entry" needs some explanation, however. The name of the month and the year number were omitted in this case, but the entry posted was in a list of entries of May 1934. In making up the sheets the name of the month and the year date are only written out in the case of the first entry. In the case of all other entries the month and year date are left blank unless there is a change.

Sworn to before me this 24th day of October, 1938 P. Martin Ollinger
Elmer S. Mannheim *Notary Public*

The correspondence mentioned in and attached to said affidavit reads as follows:

*February 9, 1937.*

Commissioner of Customs,
Bureau of Customs,
*Washington, D. C.*
Dear Sir:

We refer to New York entry 823668, Deutschland, May 9, 1933, in the name of Astra Bentwood Furniture Co., Inc. We ask that you instruct the Collector of Customs at New York to post the liquidation of this entry in order that the importers may have the opportunity to file protest.

By the Customs Regulations the posting of the liquidations of entries is made mandatory.

* * * The entry will then be immediately stamped with the word "liquidated" and the date of stamping, which is the legal evidence of liquidation, and on the same day a bulletin notice thereof (customs Form 4333) must be posted in a conspicuous place in the customhouse for the information of importers.—Article 820 (h).

The "date of liquidation" is the date of liquidation stamped upon the entry, and the posting of the same in a conspicuous place in the customhouse is held to be sufficient notice thereof.—Article 849 (c).

The liquidation of the entry in question has never been posted in accordance with the regulations. The entry was stamped on December 6, 1934, but it was posted as entry 823668 Deutschland, May 9, 1934. The 1933 entry was therefore never posted and the liquidation was unnoticed by us. We may add that the liquidation was not noted at all in the registry books for 1933 at the Custom House. In these registry books are entered the liquidations of entries as posted on the Custom House sheets. No liquidation appeared in the registry books for entry 823668 of 1933, and as we have shown, no such liquidation was ever posted.

There were a number of liquidations which were never properly posted. In the case of entries liquidated "No Change," the Collector subsequently at our

request made proper posting and we filed protests. In the instant case, however, he has refused to post the liquidation in accordance with the regulations because this is an entry showing additional duty. The Collector's theory is that an additional duty notice was sent out and the importer, therefore, must have the notice of the liquidation and might have protested.

Even though this be true, an additional duty notice does not take the place of the mandatory requirement of the regulations that the liquidation be posted. If the view of the Collector were correct it would be unnecessary to post the liquidations of any additional duty entries. This, of course, is obviously erroneous. While the regulations exist the importer is entitled to rely on those regulations. As a matter of fact the importer advises us of his importations and we watch the Custom House records in accordance with the regulations for the liquidation. The importer does not advise us of his additional duty notice.

For the above reasons it is requested that the liquidation of the entry here under consideration be posted in order to give the usual opportunity for protest.

Respectfully,

C

(signed) STRAUSS & HEDGES,
*Attorneys for Importer.*

TREASURY DEPARTMENT 94930

BUREAU OF CUSTOMS

*Washington, Apr. 7, 1937.*

Messrs. STRAUSS & HEDGES,
11 Broadway,
*New York, N. Y.*
GENTLEMEN:

I inclose herewith copy of a letter of even date to the Collector of Customs, containing the Bureau's decision on the case mentioned in your letter dated February 9, 1937, relative to your request that the Collector of Customs at New York be instructed to post the liquidation of entry no. 823668, covering an importation of bentwood furniture by Astra Bentwood Furniture Co. on the SS DEUTSCHLAND, May 9, 1933, on the ground that the entry has never been posted in accordance with the regulations.

By direction of the Commissioner.

Respectfully,

B. H. FLINN,
Inclosure *Chief, Division of Entry and Appraisement.*

94930
The COLLECTOR OF CUSTOMS, *Apr. 7, 1937*
*New York, N. Y.*
SIR:

Receipt is acknowledged of your letter of March 10, 1937 (5D–FBL/GH), transmitting a communication from Strauss & Hedges, 11 Broadway, New York, N. Y., dated February 9, 1937, requesting that your office be instructed to post the liquidation of entry No. 823668, covering an importation of bentwood furniture by Astra Bentwood Furniture Company, on the S. S. DEUTSCHLAND, May 9, 1933, on the ground that the entry has never been posted in accordance with the regulations. The posting of the liquidation is desired in order that the attorneys may protest the classification of the merchandise.

You state that the entry was posted incorrectly on bulletin notice of entries liquidated December 6, 1934, and inclose the original page, which shows the following:

\* \* \* \* \* \* \*

| Entry No. | Date of entry | Importer | Vessel | Remarks: Increase, refund, no change |
|---|---|---|---|---|
| 823668 | 9 | Astringent Wood Furniture Co. | DEUTSCHLAND | $42.80. |

Customs Form 5107, notice of duties due, was sent to Astra Bentwood, 621 Sixth Avenue, New York, N. Y., and the increased duties paid on January 29, 1935.

It is your contention that the notice of increased duties has cured the defect in bulletin notice of December 6, 1934, and that it gave the importers sufficient notice of the liquidation of this entry. You cite T. Ds. 38937, 40085, 43764, and abstract 48900 as confirming your contention.

The applicants contend that an additional duty notice does not take the place of the mandatory requirement of the regulations that the liquidation be posted and state that if your contention is correct, it would be unnecessary to post the liquidation of any additional duty entries.

While the date of the entry and the name of the importer are incorrectly stated on the bulletin notice of December 6, 1934, the notice of duties due, which was received by the importer, correctly states the name of the importer, number of the entry, the date thereof, the date of liquidation and increased duties due, which amount was paid on January 29, 1935. The importer, therefore, had actual notice of liquidation of the entry, and in view of the decisions of the courts in the cases cited by you, protest should have been filed within sixty days of receipt of actual notice. The request of the applicants is, therefore, denied.

The entry and accompanying papers are returned.

Very truly yours,

Inclosure No. 71435 *Commissioner of Customs.*
MAR:MJB 3/29/37.

On the record before us we are of the opinion that no sufficient posting of the notice of liquidation of the particular entry involved herein was made in accordance with the mandatory provision in article 820 (*h*) of the Customs Regulations of 1931. The alleged posting was under the name of the Astringent Wood Furniture Co. instead of under the correct name of the importer which is the Astra Bent Wood Furniture Co., Inc., and the posting was placed among the 1934 entries whereas it was in fact a 1933 entry.

While it is true that said section 514 provides that a protest in order to be valid must be filed within sixty days after the date of liquidation, nevertheless that provision in the law must be considered in conjunction with the mandatory provision in the customs regulations requiring the public posting of such liquidation and consequent notice to the importer or his attorney.

In the case of *United States* v. *Charles H. Wyman & Co.*, 156 Fed. 97, the United States Circuit Court of Appeals for the Eighth Circuit

held that, for the purpose of ascertaining the date for filing protests, importers are bound to take the notice given in the liquidation bulletin publicly posted, as prescribed by the customs regulations. In case of conflict between the bulletin and the notations on the entry they should be governed by the former.

Inasmuch, therefore, as no notice has been posted, it necessarily follows that the importer has been denied its statutory right to protest; and since the collector has refused and still refuses to make such posting, the importer is unable to avail itself of the statutory right to file the protest. From this it logically follows that the importer has a right under said section 514 of the Tariff Act of 1930 to file a protest against the collector's refusal, which of course is his decision.

On the other hand, in the case of *Stein, Hall & Co.* v. *United States*, 11 Ct. Cust. Appls. 137, T. D. 38937, cited by the collector, the Court of Customs Appeals, in a decision rendered November 16, 1921, held that it was immaterial whether or not notice of liquidation was given in the form and manner prescribed by articles 615, 616, and 641 of the Customs Regulations of 1915, where the importer, as in the instant case, actually paid the liquidated duties. In that case the court said:

It is apparent * * * that importers did not tender or file a protest within 30 days from the date of liquidation as required by the statute, and, of course, their claimed excuse therefor is that they did not have the prescribed notice of such liquidation. Passing that question, however, it is quite obvious that in some manner, and at some time, they did receive notice of the liquidation, because they, in fact, paid the duties as liquidated.

The view of the whole matter most favorable to the importers that could be entertained would be to hold that if the posted notice of liquidation was not sufficient, this case should be disposed of as if the final liquidation were made as of the date of the payment of the duties thereby ascertained. In saying this we do not hold that the importers are legally entitled to this view. So assuming, however, for the purposes of this case only, it transpires that even then the protest was not filed within 30 days from final liquidation, and no excuse for the delay in protesting, or reason why protest was not filed within 30 days from April 10, 1919, is alleged or shown by the importers. We think that at the time they paid the liquidated duties, in view of the circumstances in this case, it is fair to presume that they acted understandingly and knew what they were paying for and why. It therefore became incumbent upon them, whether they had received any prior notice of liquidation or not, to tender a protest within 30 days from the time of such payment, if they desired to contest the legality of the liquidation. The protest not having been filed was too late.

Contrariwise, in the case of *Alex. D. Shaw* v. *United States*, Abstract 48900, 47 Treas. Dec. 969, decided by this court on March 6, 1925, which decision was not appealed, the question of the timeliness of protest, under circumstances similar to the facts in this case, was considered at length by the court. Speaking for this court, Judge Adamson said:

The evidence is uncontradicted that when the importers did receive notice by mail of any of the reliquidations they proceeded at once to retain counsel and filed the protests within 30 days of such notice. * * *

* * * * * * *

According to the description given, and undisputed, the board believes that the requirements of the regulations were not complied with in these cases. The dates of the reliquidation attempted must be treated, for the purpose of protest, as the date in case of each entry on which actual or postal notice was acquired by the importer. The suggestion of Government counsel as to the difficulty of finding space and satisfying the immense number of importers can have no weight in determining this matter. It is the duty of the Government to provide sufficient facilities for transacting the customs business of the country. If it is true, as Government counsel insists, that it is the duty of importers to watch their importations and look out for the liquidation and be ready to pay or protest, it would be straining that insistence to an unreasonable extent, in our judgment, long after the liquidation and more than a year after the duties have been paid and the merchandise withdrawn under permit, to hold that it is still the duty of the importer to hang around the customhouse and make inquisition, under the circumstances described in these protests in the posting room, to learn whether or not the collector shall conclude to make an aftermath or long delayed liquidation entirely out of date. The purpose of a statute of limitations is to permit repose.

If it has not already done so, and it appears it has not, it is the duty of the Government to provide such facilities as will enable the collector to comply with the regulations which provide that he "must post in a conspicuous place in the customhouse," so as to give notice to the importers of his action. That has not been done in this case. But as the importers filed their protests within 30 days from the time that they received notice, either actual or postal (some of them actually within 30 days), of the liquidation, the protests are held to be in time with one exception as to one entry hereinafter mentioned.

The decision just quoted was not appealed, and in our opinion it states the more equitable interpretation of the tariff law so far as it relates to filing protests than does the decision in *Stein, Hall & Co.* v. *United States, supra.*

It is the established practice in customs litigation for importers to retain counsel to protect their rights in importing merchandise. The fact that the importer in the instant case paid the increased duties is in our opinion immaterial, as it may well be that it had no knowledge of the fact that notice of liquidation had not been posted in accordance with law, and that, therefore, it still had the right to appeal to this court for refund of the increased duties.

In our opinion the provision in section 514 of the Tariff Act of 1930 providing for the filing of a protest within sixty days of the date of liquidation of an entry, must be read in the light of the mandatory provisions of article 820 (*h*) of the Customs Regulations of 1931 requiring the posting of notice of liquidation in a conspicuous place in the customhouse for the information of importers. It is a well-settled principle of customs law that a protest may be filed by an importer within sixty days of such posting. *United States* v. *Charles*

*H. Wyman & Co., supra.* In the instant case, the collector having refused to post the notice of liquidation of the entry herein in accordance with law, such refusal is, in our opinion, a decision of the collector against which a protest may be filed within sixty days after such refusal.

We therefore hold as a matter of law that the motion of the Government to dismiss the protest herein must be and the same is hereby denied.