(C. D. 273)

ASTRA BENTWOOD FURNITURE CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 28, 1939)

*Strauss & Hedges* (*Howard Carter* and *Eugene Blauvelt* of counsel) for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation

invoiced as leg screws. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at 25 per centum ad valorem under the provision in paragraph 338 of said act for "Screws, commonly called wood screws, of iron or steel."

At the first hearing, held on October 10, 1938, counsel for the Government moved to dismiss the protest upon the ground that there was no authority for the filing thereof under section 514 of the Tariff Act of 1930, in that it was not filed against a decision of the collector within the meaning of the term. Decision on said motion was reserved and counsel granted time within which to file briefs.

On January 17, 1939, this court handed down its decision in the case of *Astra Bent Wood Furniture Co., Inc.* v. *United States*, 2 Cust. Ct. 20, C. D. 79, denying the Government's motion to dismiss.

Thereupon the case was restored to the docket and again came on for hearing June 12, 1939, at which time counsel for the Government moved to dismiss the protest on the ground that it was filed prematurely. In his statement to the court, counsel for the Government said:

* * * This court held that it was not a proper posting and therefore the liquidation was void.

Now, if the liquidation was void it will have to be reliquidated before a protest can be filed against the reliquidation. There are several claims made in this protest. I think, therefore, that the only action that this court can take is to send the protest back to the collector for reliquidation of the entry. It cannot under the present protest classify the merchandise because the liquidation has been held to be void. * * *.

In answer to this counsel for the plaintiff made the following statement:

I disagree with that statement. * * * I take it that the court held that the refusal of the collector to post a proper notice constituted an action against which protest would lie. Therefore, I submit that the refusal to post was just as much a posting for the purposes of the statute of limitations as an actual posting. I believe this protest is therefore timely and that we can proceed with the trial on the merits.

The court then stated that it would take the motion of the Government under advisement and allow counsel for the plaintiff to offer his testimony and then have both counsel brief both motion to dismiss and the case on the merits. Thereupon the following colloquy took place:

Mr. BLAUVELT: Counsel for the parties stipulate that the merchandise described on the invoice as "leg screws" and described by the customs official making the advisory classification as "lag screws" are in fact similar in all material respects to those the subject of T. D. 49434, which is the case of *Astra Bent Wood Furniture Company* v. *United States*, wherein they were held to be properly

dutiable at 25 per cent ad valorem under the provisions of paragraph 338 of the tariff act of 1930, and I move the incorporation of the record in that case.

Mr. FITZGIBBON: The Government stipulates to the facts, and has no objection to the incorporation of that record.

Whereupon the record in the cited case was incorporated in and made part of the record herein, and the case was submitted by both sides for decision.

In our opinion the contention of counsel for the Government in support of the motion to dismiss the within protest is without merit.

In our previous decision in *Astra Bent Wood Furniture Co., Inc.* v. *United States, supra,* we said:

It is the established practice in customs litigation for importers to retain counsel to protect their rights in importing merchandise. The fact that the importer in the instant case paid the increased duties is in our opinion immaterial, as it may well be that it had no knowledge of the fact that notice of liquidation had not been posted in accordance with law, and that, therefore, it still had the right to appeal to this court for refund of the increased duties.

In our opinion the provision in section 514 of the Tariff Act of 1930 providing for the filing of a protest within sixty days of the date of liquidation of an entry, must be read in the light of the mandatory provisions of article 820 (*h*) of the Customs Regulations of 1931 requiring the posting of notice of liquidation in a conspicuous place in the customhouse for the information of importers. It is a well-settled principle of customs law that a protest may be filed by an importer within sixty days of such posting. *United States* v. *Charles H. Wyman & Co. supra.* In the instant case, the collector having refused to post the notice of liquidation of the entry herein in accordance with law, such refusal is, in our opinion, a decision of the collector against which a protest may be filed within sixty days after such refusal.

None of the cases cited by us in the above decision held that a failure of the collector to post made a liquidation invalid. In the case of *United States* v. *Charles H. Wyman & Co.*, 156 Fed. 97, it was held that the actual date of posting and not the actual date of liquidation started the statute of limitations running, although the latter date appeared upon the entry itself.

In the case of *Alex. D. Shaw* v. *United States*, Abstract 48900, 47 Treas. Dec. 969, the court held that, where the collector failed to properly post, a protest filed within the statutory time after actual notice was timely.

In the case at bar the actual notice was the refusal of the collector to post, a written request having been made to him to do so. This refusal on the part of the collector started the statutory period running and was the actual notice of liquidation.

Upon the established facts and the law applicable thereto the motion of counsel for the Government to dismiss the protest is therefore denied.

On the merits, inasmuch as it is mutually agreed between counsel for the respective parties that the leg or lag screws in question are

similar in all material respects to those which formed the subject of the decision in the case of *United States* v. *Astra Bentwood Furniture Co.*, 25 C. C. P. A. 340, T. D. 49434, we follow said decision and hold such screws to be properly dutiable at the rate of 25 per centum ad valorem under said paragraph 338 as "Screws, commonly called wood screws," as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.