BEFORE THE THIRD DIVISION

DECEMBER 1, 1958

**No. 62548.**—Inter-Maritime Forwarding Co., Inc. *v.* United States, protest 298158–K (New York).—

JOHNSON, Judge: When this case was called for trial, counsel for the defendant moved to dismiss the protest as being untimely. Evidence was presented on this issue, and briefs were subsequently filed by counsel for the respective parties.

It appears from the face of the official papers that the entry was liquidated on November 5, 1954, and the protest filed on May 4, 1956, more than 60 days thereafter. Plaintiff claims, however, that the entry could not be located until shortly prior to May 4, 1956, and that a proper protest could not have been filed before that date.

Herbert Mann, vice president of the plaintiff, a firm of customhouse brokers, testified that he wrote to the collector in 1952 advising him that the steamship company had reported a bale missing, but that he never received a notice of shortage from the collector on customs Form 4311, and that, prior to liquidation, he was not allowed to examine the delivery permits to determine whether official notations had been made of the shortage. He intended to examine the entry

papers after liquidation, but, according to the witness, they could not be located. He explained that he sent his clerk to the customhouse several times with a memorandum to look for the entry, but the clerk reported continuously that he could not find it and that no one in the customhouse could find it. The witness said he first had an opportunity to see the official papers in the latter part of April 1956, and the protest was filed thereafter.

Mr. Mann admitted that he did not make a personal search for the papers even though he went to the customhouse about once a month. He did not know where such papers were kept and never wrote to anyone about them. He said he was "pretty sure" his clerks notified customs officials that the papers were unavailable, but no one who actually looked for the entry was called upon to testify.

It was conceded that a bulletin notice of liquidation had been posted and Mr. Mann stated that his clerk might have notified him of that fact. He admitted that the notice stated "No change," although he claimed that a refund was due. He was asked whether he could have filed a protest immediately, to which he replied that it was possible, but that he usually waited to see the entry and get the facts before filing one.

Defendant called three customs officials, who testified that when bulletin notices of liquidation are posted the entry papers remain in the bulletin room for 24 hours. From there, the "no change" entries, such as this one, go to the warehouse division where they remain for 24 hours and are then consigned to the record division. These witnesses could not recall being notified of any request for an entry which could not be located, nor did they have any record of such a request in connection with the entry involved herein.

Thus, the only evidence that this entry was missing after liquidation is Mr. Mann's statement that his clerk reported that he could not locate it. This testimony is not only hearsay, but does not establish what was actually done in searching for the entry nor that due diligence was exercised by the plaintiff nor that the failure to find the entry was the fault of customs officials. Therefore, it cannot be held that the liquidation was incomplete until April 1956 and that the protest was timely filed. *Carey & Skinner, Inc.* v. *United States*, 31 Cust. Ct. 90, C. D. 1549.

For the reasons stated, an order will issue granting the motion to dismiss the protest.