(C. D. 1379)

WONG SANG MAN *v.* UNITED STATES.

United States Customs Court, First Division

(Dated December 7, 1951)

*Lawrence, Tuttle & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General, for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

MOLLISON, Judge: This case is before us upon a motion made on behalf of the defendant to dismiss the protest as untimely on the ground that it was filed more than 60 days after liquidation of the entry covered thereby. The pertinent provisions of section 514 of the Tariff Act of 1930 (19 U. S. C. § 1514) read as follows:

> * * * all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable * * * and his liquidation * * * of any entry * * * shall, upon the expiration of sixty days after the date of such liquidation * * * be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction * * * shall, within sixty days after, but not before such liquidation * * * file a protest in writing with the collector * * *.

It is claimed by the defendant that the entry was liquidated on July 7, 1948, and that the protest was filed on October 12, 1948. On behalf of the plaintiff, it is contended (1) that the purported liquidation of July 7, 1948, was void by reason of the fact that proper notice, including an opportunity to inspect the liquidated entry, was not given, or, alternatively, (2) that the statute of limitations was tolled during the period the entry was not available for inspection, and that

the protest was filed within 60 days after the entry became available for inspection.

There is no real dispute as to the facts. It appears that the entry at bar was made on behalf of the plaintiff by a customhouse brokerage firm. On July 7, 1948, a bulletin notice of liquidation as required by section 16.2 (*d*) of the Customs Regulations of 1943 was posted in the accustomed place therefor in the customhouse, and on July 23, 1948, Louise Whittier, an employee of the customs brokerage firm, checked the bulletin notice and copied the number and data contained in the bulletin notice.

The bulletin notice indicated that the liquidation resulted in a decrease in the amount of duty due, but did not indicate the amount of or reason for the decrease. It clearly appears that it is necessary for persons interested to check the actual liquidation figures for the reason that if a protest or protests are to be filed against the liquidation, the same must be done within 60 days, the time provided by the statute, section 514, *supra*.

It is undisputed that the custom and practice of the collector's office at the time here involved upon the liquidation of entries was as follows, as related by the deputy collector of customs in charge of liquidation:

On the day on which they were liquidated they were stamped liquidated and then posted on the bulletin notice of liquidations and the bulletin notice is posted on the second floor of the customshouse in San Francisco, at the same time that the liquidated entries themselves are handed over to the Collector's warehouse division for the purpose of copying the liquidated figures from the entry into the warehouse ledger. Now, after they have been copied into the warehouse ledger they are then sent to Room 217, which is the liquidating division, on the second floor of the customshouse, and placed in the brokers' box or drawer. We have one drawer or box for each broker. Particularly, I know that we have one drawer for R. S. Van Duyne and Company and one for Joseph Paredes and Company. They are held in those boxes for a period of ten to thirty days in order to give the brokers an opportunity to see and copy the figures. (R. P. 18.)

Miss Whittier testified that she checked the drawer where entries are made available for brokers in the liquidating division of the customhouse and could not find the entry involved. She then inquired at the warehouse division, and when it could not be found there, checked the record room. In subsequent weeks, from time to time, Miss Whittier or an employee of her office made periodic checks, but the entry did not come to light until September 13, 1948.

Although the persons who had charge of such entries in the collector's office during the time in question were called to testify, the reason for the disappearance of the entry and its location during the time it was being sought was not brought to light. There does not seem to be any question, however, but that the failure to make the entry available

to the plaintiff or his proper representatives was the fault of the defendant or its agents, and was in no way chargeable to the plaintiff.

Section 505 of the Tariff Act of 1930, under the caption "Payment of Duties" provides, in part, as follows:

\* \* \* Upon receipt of the appraiser's report and of the various reports of landing, weight, gauge, or measurement the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law *and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury,* \* \* \*. [Italics added.]

Section 16.2 (*d*) of the Customs Regulations of 1943, in force and effect at the times here involved, provides, in part, as follows:

Upon the return of entries to the collector after the assessment of duties and internal-revenue taxes has been verified by the comptroller, formal entries shall be immediately scheduled on a bulletin notice of liquidation, customs Form 4333. \* \* \* The bulletin notice of liquidation shall be posted as soon as possible in a conspicuous place in the customhouse for the information of importers and shall be dated with the date of posting. The entries for which the bulletin notice of liquidation has been posted shall be stamped "Liquidated," with the date of liquidation, which shall be the same as the date of the bulletin notice of liquidation. Such stamping shall be deemed the legal evidence of liquidation.

Any reading of sections 505 and 514, *supra,* of the tariff act must lead to the conclusion that the purpose of the notice of liquidation is that the importer or others interested may be apprised of the action taken by the collector and may invoke, if necessary, the provisions of law by which administrative and judicial review of the collector's action may be secured. To be advised only that a liquidation had taken place without an opportunity to learn the actual facts of the liquidation which would enable one to determine his subsequent course of action, would, of course, be a nugatory thing. Section 514, *supra,* requires that a protest filed thereunder shall set forth—

\* \* \* distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto \* \* \*.

No one could set forth "distinctly and specifically" his objection to an action unless he knew what the action was.

It has been held that where improper notice of liquidation was given, the liquidation cannot be considered to be complete so as to commence the running of the 60-day statute of limitations prescribed in section 514, *supra. United States* v. *Astra Bentwood Furniture Co.,* 28 C. C. P. A. (Customs) 205, C. A. D. 147. It must follow from what has been said herein that liquidation cannot be considered to be complete until an opportunity has been afforded the proper parties to be apprised of the facts of the liquidation. The plaintiff herein was not given such opportunity until September 13, 1948, and we therefore hold that liquidation was complete so as to commence the running of the statute of limitations on that day.

The protest herein was filed on October 12, 1948, well within the 60-day period commencing September 13, 1948. The motion to dismiss is therefore denied, and the case is restored to the next San Francisco docket of this court for all purposes.