**SCHERING CORPORATION, Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 79–36.**

United States Court of Customs and Patent Appeals.

July 17, 1980.

James S. O'Kelly and Michael Alva Johnson, New York City, for appellant.

Alice Daniel, Asst. Atty. Gen., Washington, D.C., David M. Cohen, Director, Joseph I. Liebman, New York City, Attorney in Charge, Field Office for Customs Litigation Branch, Saul Davis, New York City, Commercial Litigation Branch.

Before MARKEY, Chief Judge, RICH, BALDWIN, MILLER and FORD, Judges.[*]

BALDWIN, Judge.

This appeal is from the order of the United States Customs Court granting the government's motion to dismiss Court No. 76–12–02625 for lack of jurisdiction, and from the order denying appellant's motion for rehearing, in the form of a motion to set aside the dismissal and to grant a hearing on the jurisdictional issue presented. The orders were entered without accompanying opinions in support thereof. We affirm.

### Issue

The issue presented is whether the procedures employed by the Customs Court in dismissing appellant's civil action for lack of jurisdiction were in conformity with the statutes of the United States and the rules of the Customs Court.

### Background

Appellant filed a protest against the classification decision by the Customs Service regarding the entry of certain merchandise. The face of the protest shows that the date of liquidation for the subject entry by the Customs Service was September 12, 1975, and that the filing date for the protest was May 26, 1976. The protest bore on its face the statement "[t]he entry herein was not liquidated in accordance with the requirements of 21[sic] CFR 159.9 and the liquidation is therefore void." [1] The protest was

---

[*] The Honorable Morgan Ford, United States Customs Court, sitting by designation.

[1.] There was a clerical error in the CFR citation, which should have read 19 CFR 159.9, a mandatory provision of the Customs Regulations pertaining to notice and date of liquidation which reads in pertinent part:

> § 159.9 *Notice of liquidation and date of liquidation for formal entries.*
>
> (a) *Bulletin notice of liquidation.* Notice of liquidation of formal entries shall be made on

denied as untimely filed on August 6, 1976.[2] Appellant filed a summons on December 2, 1976, commencing a civil action pursuant to 28 U.S.C. § 1582(a)[3] to contest the denial of the protest. The summons set forth that the contested administrative decision involved the classification, rate, or amount of the subject entry.

Appellant then moved to suspend the civil action pending the final determination of a test case pursuant to Rule 14.7 of the Customs Court. The government opposed the motion to suspend the subject action and filed a cross-motion to dismiss for lack of jurisdiction. Appellant responded, arguing that the clear language on the face of the protest had raised an issue of compliance with notice requirements and, therefore, the validity of the liquidation, involving issues of fact for trial. Appellant asserted that employees of counsel had attempted to obtain the entry papers for review, at which time they were found to be unavailable. Appellant filed no supporting papers explaining the facts and circumstances surrounding the alleged unavailability of the

entry papers, nor did appellant substantiate its efforts and diligence in obtaining them.

The government replied to the response, asserting that appellant had failed to provide any affidavits of fact in support of the statements of counsel alleging unavailability of the entry papers. The government attached the affidavit of Mr. George Wallace, Chief, Documents Control Branch of the Customs Service, New York Region, which asserted that the "entries were available for inspection on the date the bulletin notices of liquidation were posted, and that they would have been, in accordance with our standard operating procedure, placed on the table for examination by the importers or their attorneys."

Based on the record consisting of the summons, the various motion papers referred to above, the responses and replies thereto, and the Wallace affidavit, the court ordered dismissal of the subject case for lack of jurisdiction.

Appellant filed a motion to set aside dismissal and for rehearing, annexing an affidavit of counsel. Counsel for appellant ar-

a bulletin notice of liquidation, Customs Form 4333 or 4335:

\* \* \* \* \* \*

(b) *Posting of bulletin notice.* The bulletin notice of liquidation shall be posted for the information of importers in a conspicuous place in the customhouse at the port of entry \* \* \*.

(c) *Date of liquidation.* The bulletin notice of liquidation shall be dated with the date it is posted or lodged in the customhouse for the information of importers. The entries for which the bulletin notice of liquidation has been prepared shall be stamped "Liquidated," with the date of liquidation, which shall be the same as the date of the bulletin notice of liquidation. Such stamping shall be deemed the legal evidence of liquidation. The "liquidation" of an entry is the final administrative determination of all monies owed the government with regard to each particular entry of merchandise. See 19 CFR 159.1.

2. 19 U.S.C. § 1514(b)(2)(A) provides in pertinent part:

§ 1514. *Protest against decision of appropriate customs officer.*

\* \* \* \* \* \*

(b) *Form, number, and amendment of protest; filing of protest.*

\* \* \* \* \* \*

(2) A protest of a decision, order, or finding described in subsection (a) of this section shall be filed with such customs officer *within ninety days* after but not before—
(A) notice of liquidation or reliquidation \* \* \*. [Emphasis ours.]

3. 28 U.S.C. § 1582(a) provides:

§ 1582. *Jurisdiction of the Customs Court.*

(a) The Customs Court shall have exclusive jurisdiction of civil actions instituted by any person whose protest pursuant to the Tariff Act of 1930, as amended, has been denied, in whole or in part, by the appropriate customs officer, where the administrative decision, including the legality of all orders and findings entering into the same, involves: (1) the appraisal value of merchandise; (2) the classification and rate and amount of duties chargeable; (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury; (4) the exclusion of merchandise from entry or delivery under any provisions of the customs laws; (5) the liquidation or reliquidation of an entry, or a modification thereof; (6) the refusal to pay a claim for drawback; or (7) the refusal to reliquidate an entry under section 520(c) of the Tariff Act of 1930, as amended.

gued certain procedural matters therein pertaining to the rules of the Customs Court, which we discuss more fully in our opinion, infra. Generally, counsel asserted that the procedure followed by the court deprived appellant of an opportunity to present evidence in contravention of due process of law.

The Customs Court denied appellant's motion for rehearing by order without an accompanying opinion.

### OPINION

The Customs Court has jurisdiction of a civil action instituted by any person whose protest pursuant to the Tariff Act of 1930, as amended, has been denied.[4] That jurisdiction is limited by 28 U.S.C. § 1582(c),[5] which requires that a protest be filed as prescribed by 19 U.S.C. § 1514. Under 19 U.S.C. § 1514(b)(2)(A),[6] a protest must be filed "within ninety days after * * notice of liquidation." The relevant regulation, 19 CFR 159.9,[7] provides that notice of liquidation shall be made on a bulletin notice of liquidation which shall be posted in the customhouse at the port of entry, and that the date of liquidation shall be the date the bulletin notice is posted in the customhouse.

The protest and the summons prepared by appellant specified the date of liquidation as September 12, 1975. The filing date of the protest is shown on its face to be May 26, 1976, more than ninety days after date of liquidation. The dates in the papers before the court thus establish prima facie that the protest was untimely.

However, the law is well settled that a liquidation is not complete until the notice provisions of 19 CFR 159.9 have been complied with and the entry papers are made available to the importer.[8] In *General al Petroleum Corp. v. United States*, 56 Cust.Ct. 249, 251, C.D. 2632 (1966), the appellate term of the Customs Court held that the

protest period does not run if the importer or his representative is diligently seeking access to the entry papers but is unable to obtain it. * * * While it is the practice to dismiss a protest on motion when the Government, as here, shows only that over 60 [now 90] days ran from the liquidation to the protest, it must follow that facts established in addition to these dates may and do at times show that the protest is timely.

Accordingly, we must determine whether appellant has been accorded an opportunity in accord with procedural due process to place such additional facts before the court.

Appellant contends that the proceedings below violated its rights to a hearing, to introduce evidence, and to hear and cross-examine appellee's witness, in contravention of the specific terms of 28 U.S.C. § 2637(a).[9] Appellant argues that the order

---

4. See n. 3 supra.

5. 28 U.S.C. § 1582(c) (1976) provided:

   (c) The Customs Court shall not have jurisdiction of an action unless (1) either a protest has been filed, as prescribed by section 514 of the Tariff Act of 1930, as amended, and denied in accordance with the provisions of section 515 of the Tariff Act of 1930, as amended, or if the action relates to a decision under section 516 of the Tariff Act of 1930, as amended, all remedies prescribed therein have been exhausted, and (2) except in the case of an action relating to a decision under section 516 of the Tariff Act of 1930, as amended, all liquidated duties, charges or exactions have been paid at the time the action is filed.

6. See n. 2 supra.

7. See n. 1 supra.

8. We note here that unavailability of entry papers does not *void* an otherwise valid liquidation as asserted by appellant in its statement on the face of the protest, but rather *tolls* the liquidation until the entry papers become available for examination. See *United States v. A. N. Deringer, Inc.*, 66 CCPA ——, C.A.D. 1220, 593 F.2d 1015, 1020 (1979); *Wong Sang Man v. United States*, 27 Cust.Ct. 248, C.D. 1379 (1951).

9. 28 U.S.C. § 2637(a) (1976) provided:

   § 2637. *Witnesses; inspection of documents.*

   (a) In any proceeding in the Customs Court, under rules prescribed by the court, the parties and their attorneys shall have an opportunity to introduce evidence, to hear and cross-examine the witnesses of the other party, and to inspect all samples and all pa-

of dismissal had been signed and entered before a copy of the Wallace affidavit had even been received by its attorneys, thus denying it the opportunity to rebut such affidavit with evidence of its own or to cross-examine the affiant.

■ However, the government has raised jurisdictional objections by way of a cross-motion to dismiss, an appropriate manner of raising such objections in accordance with the rules of the court.[10]  *McNutt et al. v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).  Appellant was granted an opportunity to respond to this motion[11] to establish facts to support the alleged unavailability of entry papers, but in that response chose only to point out its allegations of jurisdiction with its conclusion that the validity of the liquidation involved issues of fact for trial.  The response failed to support such allegations with competent proof to establish jurisdictional facts.  Again in its motion for rehearing, appellant failed to introduce such facts as would establish jurisdiction, relying instead on legal argument to support its contentions.  Therefore, without even considering the Wallace affidavit, there have been no facts established to raise any question with respect to the prima facie untimeliness of the protest.

■ Appellant contends that the rules of the Customs Court preclude the government from cross-moving to dismiss for lack of jurisdiction.  Appellant contends that Rule 14.7(c)[12] does not permit the filing of

a cross-motion to dismiss as a response to a motion for suspension and that Rule 4.7(b)[13] contemplates that a complaint has been filed in the action.  There is no support for these contentions in the language of these rules.  Rule 14.7(c) merely outlines the *minimum* response to a motion to suspend.  Rule 4.7(b) sets forth the types of motions to dismiss that may be filed either pre-answer or post-answer.

■ It is established that a question of jurisdiction may be raised at any time during the pendency of the action.  *James Akeroyd & Son v. United States*, 19 CCPA 249, 258, T.D. 45341 (1931).  The plain import of the statutes[14] specifically conferring jurisdiction is that the Customs Court is vested with authority to inquire at any time whether these jurisdictional requirements are met.  If allegations of jurisdictional facts by the party who seeks the exercise of jurisdiction in his favor are challenged by his adversary in any appropriate manner, he must support them by competent proof.  See *McNutt et al. v. General Motors Acceptance Corp.*, supra.

Although appellant argues that he has been deprived of procedural due process, he is in actuality requesting a second chance to make necessary showings to establish jurisdiction that was properly challenged by the government's cross-motion to dismiss.  In view of the dates provided on the face of the papers before the court, appellant's opportunity to establish any necessary facts in

---

pers admitted or offered as evidence, except as provided in subsection (b) of this section.

**10.**  Rule 4.7(b) provides:
*Rule 4.7.  Defenses and Objections: When and How Presented*
\*   \*   \*   \*   \*   \*
(b) *Defenses: how presented.*  The following defenses may be made by a motion to dismiss: (1) that plaintiff has no standing in the matter; (2) lack of jurisdiction of the subject matter; (3) failure to perform conditions precedent; and (4) failure to state a claim upon which relief may be granted.  A motion making any of these defenses may be made before answer.

**11.**  Rule 4.12(c) provides in relevant part that "an objection or response to a dispositive motion, i. e., a motion to dismiss the action \*  \*

shall be filed within 30 days after service of such motion."

**12.**  Rule 14.7(c) provides:
*Rule 14.7.  Suspension Procedure*
\*   \*   \*   \*   \*   \*
(c) *Response to motion.*  The response to a motion for suspension shall include: a statement consenting to the motion; or a statement of the reason for opposing the motion; or a statement of the reason for neither consenting to nor opposing the motion.

**13.**  See n. 10 supra.

**14.**  See nn. 2, 3 and 5 supra.

its response to the cross-motion to dismiss, and its failure to avail itself of such opportunity, we see no reason to disturb the order of the Customs Court dismissing this action for lack of jurisdiction.

■ Appellant contends that the judgment of the court was devoid of the mandatory findings of fact prescribed by 28 U.S.C. § 2638(a).[15] The court entered its order with no memorandum opinion accompanying the order. However, as discussed above, appellant has failed to establish any facts in this action that would create a contested issue for decision by the judge. On the face of the papers before the court, the protest was clearly filed outside the 90 day limit necessary to confer jurisdiction of the subject matter. Therefore, we cannot agree with appellant's contentions in this respect.

■ In view of appellant's opportunity pursuant to Rule 4.12(c) to file a response to the government's cross-motion to dismiss, and in view of the absence of any facts established by competent proof in either appellant's response or its motion for rehearing, we hold that the ruling of the court denying appellant's motion for rehearing was not manifestly erroneous, and we therefore will not disturb that ruling. *Reynold's Trading Corp., et al. v. United States, et al.,* 61 CCPA 57, 59, C.A.D. 1120, 496 F.2d 1228, 1230 (1974).

The judgment is *affirmed.*

---

**15.** 28 U.S.C. § 2638(a) provides:

§ *2638. Decisions; findings of fact and conclusions of law; effect of opinions.*

 (a) A decision of the judge in a contested case shall be supported by either (1) a statement of findings of fact and conclusions of law, or (2) an opinion stating the reasons and facts upon which the decision is based.