**TROPICANA PRODUCTS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 87–10–00984.**

United States Court of International Trade.

May 12, 1989.

**416**

Baker & McKenzie (William D. Outman, II), Washington, D.C., for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C. (Joseph I. Liebman, New York City, Attorney in Charge, International Trade Field Office), for defendant.

## MEMORANDUM OPINION AND ORDER

RE, Chief Judge:

In this action, plaintiff, Tropicana Products, Inc., challenges the denial by the Customs Service of its protest pursuant to 28 U.S.C. § 1581(a), against the liquidation of five entries of frozen concentrated orange juice. The defendant has moved to sever and dismiss for lack of jurisdiction protest number 1801–7–000027, which covers entry numbers 81–103533–2 and 81–103789–3, on the ground that plaintiff failed to file its protest within the statutory 90–day protest period.

Plaintiff contends that its protest was timely filed on June 5, 1987 since it was within the 90–day period from the date of liquidation as orally represented by an employee of the Customs Service.

In 1981, plaintiff entered five separate shipments of frozen concentrated orange juice into a class 8 bonded warehouse located in Bradenton, Florida. Plaintiff entered the merchandise in this manner in order to dilute the concentrate, and then enter it into the United States for consumption as non-concentrated orange juice, which was dutiable at 15¢ less than frozen concentrated orange juice.

According to plaintiff, "constant contact" was maintained with Mr. Richard Keating, Assistant District Director for Commercial Operations of the U.S. Customs Service at Tampa, Florida, to insure orderly liquidation of the entries and the filing of protests if necessary. Plaintiff maintains, however, that as a result of Mr. Keating's unforeseen absence from the Customs Service, confusion developed over the date of the liquidation for the entries in question.

Plaintiff claims that, pursuant to its request, Customs sent copies of the Consumption Entries, but that, from the papers received, it was unable to determine the date of liquidation. Hence, plaintiff states that its counsel made a telephone call to the Customs Service to determine the date of liquidation. According to plaintiff, Ms. Pat McCane answered and stated that she was acting for Mr. Keating in his absence.

Plaintiff alleges that when asked what was the date of liquidation for the entries in question, Ms. McCane responded that it was March 13, 1987. On that basis, plaintiff submitted a protest on June 5, 1987, a date which plaintiff believed to be six days prior to the 90–day limit. The protest was actually filed 91–days from March 6, 1987, the date of liquidation.

On these facts, plaintiff asserts that it "has been denied access, save for telephonic representation, to what the law mandates shall be 'legal evidence of liquidation.'" Plaintiff argues that in the absence of "legal evidence," its "counsel sought the information through what was perceived to be the most direct and accurate means." Hence, plaintiff submits that the court has ample basis to conclude that "the controlling date of liquidation for the entries was March 13, 1987." In the alternative, plaintiff asserts that the "Customs Service's deficiencies in complying with the procedural [notice] requirements ... were effectively cured [on] ... April 14, 1987," the date of the telephone conversation, and, according to plaintiff, it is that date which can be considered the date of liquidation for the entries in question. Given either date, plaintiff submits that its protest filed on June 5, 1987 was within the 90–day protest period.

Defendant does not dispute plaintiff's version of the pertinent facts of this case. Defendant, however, contends that the circumstances described by plaintiff are irrelevant to the determination of defendant's motion to sever and dismiss because "the telephone advice was not a substitute for the date officially posted on the bulletin notice, and is not even an informal method established by the regulations." Hence, defendant asserts that the entries in question were liquidated on March 6, 1987, which is the date that the bulletin notice of liquidation was posted in the customhouse in Tampa. Defendant states that a timely protest should have been filed on June 4, 1987, and that, since plaintiff filed its protest on June 5, 1987, the protest was untimely. Consequently, defendant contends that the court does not have jurisdiction as to the denial of the protest in issue.

The question presented, therefore, is whether protest number 1801–7–000027 filed by the plaintiff on June 5, 1987, was timely. Since more than 90 days had elapsed between March 6, 1987, the date notice of liquidation was given by the posting of the bulletin notice, and June 5, 1987, the date plaintiff filed its protest, the court cannot entertain an action contesting the denial of that protest. *See* 19 U.S.C. § 1514(c)(2) (1982). Consequently, the defendant's motion to sever and dismiss is granted.

The governing statute provides that in order for the court to have jurisdiction over the denial of a protest, the protest is to "be filed with such customs officer within ninety days after but not before ... notice of liquidation or reliquidation ..." 19 U.S.C. § 1514(c)(2)(A).

Pursuant to statutory authority "[t]he Secretary of the Treasury has prescribed the 'form and manner' for giving notice of liquidation of formal entries in the customs regulations." *State Metals, Inc. v. United States*, 82 Cust.Ct. 91, 94, C.D. 4793 (1979). The pertinent regulations, as set forth in 19 C.F.R. § 159.9, provide:

(b) *Posting of bulletin notice.* The bulletin notice of liquidation shall be posted for the information of importers in a conspicuous place in the customhouse at the port of entry (or Customs station, when the entries listed were filed at a Customs station outside the limits of a port of entry), or shall be lodged at some other suitable place in the customhouse in such a manner that it can readily be located and consulted by all interested persons, who shall be directed to that place by a notice maintained in a conspicuous place in the customhouse stating where notices of liquidation entries are to be found.

(c) *Date of Liquidation—*(1) *Generally.* The bulletin notice of liquidation shall be dated with the date it is posted or lodged in the customhouse for the information of importers. The entries for which the bulletin notice of liquidation has been prepared shall be stamped "Liquidated,"

with the date of liquidation, which shall be the same as the date of the bulletin notice of liquidation. This stamping shall be deemed the legal evidence of liquidation.

Plaintiff asserts that it did not receive the required notice of liquidation on March 6, 1987, the date on which the Customs bulletin notice of liquidation was posted. Plaintiff argues that defendant "furnished no record that bulletin notice of liquidation was posted" or that the one defendant provides in its motion papers "is an accurate copy of the bulletin notice 'posted and lodged' in the customhouse in Tampa."

The defendant states that the bulletin notice was posted in the customhouse in Tampa "properly, timely, conspicuously, and continuously since March 6, 1987, as required by 19 C.F.R. § 159.9(b)."

It is well settled that "[i]f allegations of jurisdictional facts by the party who seeks the exercise of jurisdiction in his favor are challenged by his adversary in any appropriate manner, he [the party asserting jurisdiction] must support them by competent proof." *Schering Corp. v. United States*, 626 F.2d 162, 167, 67 CCPA 83, 88, C.A.D. 1250 (1980). Furthermore, there is a presumption that "public officials have discharged their duties in accordance with the applicable laws and regulations, and that the burden rest[s] 'upon the importer to rebut that presumption by competent evidence.' " *State Metals*, 82 Cust.Ct. at 98.

It is clear in this case that plaintiff has not met its burden of proof. Plaintiff argues that "defendant has furnished no indication that at all times during the 90–day protest period a bulletin notice of liquidation was available for inspection had counsel for plaintiff been able to seek it." Defendant, however, "is not required to produce evidence based on personal knowledge that liquidation notices were posted...." *Star Sales & Distrib. Corp. v. United States*, 10 CIT 709, 710, 663 F.Supp. 1127, 1129 (1986). It is plaintiff who must come forward with "competent proof" to rebut the "presumption of regularity," and, in this case, plaintiff has simply not met its burden.

Plaintiff has not shown that any of its agents or representatives went to the customhouse in Tampa, and were unable to find the bulletin notice of liquidation for the entries in question. Plaintiff has not offered any evidence to show that bulletin notice was not posted in the manner prescribed by the Customs Regulations.

In response to plaintiff's assertions, the defendant has presented evidence which indicates that the bulletin notice of liquidation was duly posted in compliance with the Customs Regulations. The defendant has submitted a copy of the bulletin notice of liquidation which was posted in the customhouse. Defendant also submitted the affidavit of Mr. Richard Keating who "was directly responsible [for] posting of liquidations." The Keating affidavit states:

5. I have examined the original "Bulletin Notice of Entries Liquidated" (Customs Form 4333) for the port of Tampa (41801), *Liquidation Date 03/06/87*, and found on page 2 of this bulletin notice two warehouse entries in which Tropicana Products, Inc. was the "Importer of Record." The published entry numbers were 81103533–2 and 81103789–3. *This bulletin notice is now and has been since the date of posting (03/06/87) posted on the public counter located in the Entry Division, U.S. Customhouse, Tampa, Florida which counter is readily available to the public.*

6. The ... bulletin notice was posted in accordance with the provisions of 19 C.F.R. 159.9 which provides for the official method of noticing liquidations.... (emphasis added).

Moreover, Mr. Keating added that, to the best of his knowledge, plaintiff was also sent a "courtesy notice" of liquidation which contained the same information set forth in the bulletin notice. *See* 19 C.F.R. § 159.9(d). It is significant that plaintiff has not submitted any evidence in response to indicate that it did not receive the "courtesy notice" mentioned in the Keating affidavit.

On the record presented, in addition to the presumption of regularity, the Keating affidavit shows that the defendant has

complied with the regulations for giving notice of liquidation by properly posting bulletin notice. Having established that the bulletin notice was dated March 6, 1987, the defendant has established that the date of liquidation was the "same date." *See* 19 C.F.R. § 159.9(c) (the date of liquidation "shall be the same date as the date of the bulletin notice of liquidation").

■ Although it did not check the customhouse for posting of the bulletin notice of liquidation, plaintiff claims that it acted "prudently" in seeking out "the Customs official believed responsible for maintaining the record of liquidation activity." In essence, plaintiff claims Customs should be bound, or estopped by the statements made by the customs representative on the telephone.

In view of the clear language used in the Customs Regulations, plaintiff, however, was not justified in relying solely on those representations. Plaintiff knew or should have known that "the date of liquidation shall be the date the bulletin notice is posted in the customhouse." *United States v. Reliable Chem. Co.*, 605 F.2d 1179, 1183, 66 CCPA 123, 127, C.A.D. 1232 (1979).

Even if the court were to assume that plaintiff was misinformed by the Customs official, "[n]ot every form of official misinformation will be considered sufficient to estop the government." *Brandt v. Hickel*, 427 F.2d 53, 56 (9th Cir.1970). Furthermore, it is to be noted that "estoppel may not be invoked against the government in cases involving the collection or refund of duties...." *American Motorists Ins. Co. v. United States*, 5 CIT 33, 42, 1983 WL 4994 (1983).

■ Nor can plaintiff now assert that its counsel was unable to check for the posting of the bulletin notice because he was in Washington, D.C. It is clear that the "importer has the burden to check for posted notices of liquidation and to protest timely." *Omni U.S.A., Inc. v. United States*, 11 CIT ——, 663 F.Supp. 1130, 1133 (1987), *aff'd*, 840 F.2d 912 (Fed.Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 56, 102 L.Ed. 2d 34 (1988). "[I]t is the plain duty of a prudent importer ... to examine all notices

posted in order to determine whether or not liquidation has been made on entries with which said importer is concerned." *Henry A. Wess, Inc. v. United States*, 57 Cust.Ct. 139, 143, C.D. 2743 (1966), *aff'd*, 54 CCPA 77, C.A.D. 910 (1967).

Since, plaintiff filed its protest one day late, in light of the statutory requirement that the protest "be filed ... within ninety days [of] ... notice of liquidation" the court cannot entertain an action contesting the denial of that protest.

■ Nonetheless, plaintiff submits that the documentation provided by the defendant, namely the Consumption Entries, were "incomplete" because they were not stamped liquidated or with the date of liquidation. Plaintiff claims that while these papers gave its counsel "cause to believe that liquidation occurred" they did not "offer any possible guidance on when liquidation occurred." Plaintiff argues, therefore, that the "90 [day] period was properly tolled between the actual date of liquidation and April 14, 1987" when its counsel actually telephoned Customs.

It has been held that the 90-day protest period may be tolled if the entry papers are unavailable. *See Schering*, 626 F.2d at 166 n. 8, 67 CCPA at 86 n. 9. In this case there is no claim that the papers were unavailable, but only that they were not stamped with the date of liquidation. The bulletin notice of liquidation, however, itself establishes that liquidation took place on March 6, 1987. Furthermore, it is clear that "[t]he only notice that is statutorily mandated is bulletin notice...." *Goldhofer Fahrzeugwerk GMBH & Co. v. United States*, 13 CIT ——, 706 F.Supp. 892, 895 (1989). The bulletin notice provides the importer with all the necessary information to file a timely protest. Hence, since the bulletin notice of liquidation was duly posted as required by the pertinent regulations, there is nothing in this case which forms the basis of extending or tolling the period in which a party may file a protest.

■ Plaintiff also asserts that the "bulletin notice was deficient" because it did not contain an indication that it was " 'dat-

**420**

ed as of the date of expiration of the statutory periods' as required by 19 C.F.R. § 159.9(c)(2)(ii)."

This argument lacks merit because that provision of the Customs Regulations covers only entries that are liquidated by operation of law. There is no evidence to suggest or any claim made that liquidation by operation of law took place with respect to the entries in question.

It is the determination of this court that the entries in question were properly liquidated on March 6, 1987. Hence, since plaintiff filed its protest beyond the 90–day statutory period, defendant's motion to sever and dismiss for lack of jurisdiction protest number 1801–7–000027, which covers entry numbers 81–103533–2 and 81–103789–3, is granted.

Nothing stated in this memorandum opinion is intended to express an opinion on any of the issues as to the remaining entries in this action.

Defendant's motion to sever and dismiss is granted. Plaintiff's motion for oral argument is denied.