**TROPICANA PRODUCTS, INC.,**
**Plaintiff–Appellant,**

v.

**THE UNITED STATES,**
**Defendant–Appellee.**

No. 89–1605.

United States Court of Appeals,
Federal Circuit.

July 20, 1990.

William D. Outman, II, Baker & McKenzie, of Washington, D.C., argued for plaintiff-appellant.

Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Dept. of Justice, of New York City, argued for defendant-appellee. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., and David M. Cohen, Director.

Before ARCHER, Circuit Judge, BALDWIN, Senior Circuit Judge, and TASHIMA, District Judge.*

BALDWIN, Senior Circuit Judge.

Tropicana Products, Inc. ("Tropicana") appeals the decision and judgment of the United States Court of International Trade ("CIT"), *Tropicana Prods., Inc. v. United States,* 713 F.Supp. 415 (CIT 1989), severing and dismissing Tropicana's protest number 1801–7–000027, covering entry numbers 81–103533–2 and 81–103789–3, from civil action number 87–10–00984, for lack of jurisdiction under 28 U.S.C.

---

* The Honorable A. Wallace Tashima, United States District Judge, for the Central District of  California, sitting by designation.

§ 1581(a) (1988)[1] because Tropicana failed to protest within the statutory 90–day period. We affirm.

## BACKGROUND

In 1981, Tropicana entered five separate shipments of frozen concentrated orange juice from Brazil into a bonded warehouse in Florida. Tropicana then diluted the concentrated orange juice in the warehouse, intending to enter it into the U.S. for consumption as non-concentrated juice and thereby incur less duty.

However, on March 6, 1987, the U.S. Customs Service ("Customs") liquidated the two entries involved in this appeal as frozen concentrated orange juice. On the same date, Customs posted a "Bulletin Notice of Entries Liquidated," Customs Form 4333, evidencing the date of liquidation of these entries, on the public counter in the Entry Division of the U.S. Customhouse in Tampa, Florida.

According to the record, Tropicana never consulted the posted bulletin notice and only became aware of the liquidation when it received bills with increased duties. Upon the advice of counsel, it acquired copies of the consumption entries to establish the date of liquidation. However, the consumption entries lacked the stamp "Liquidated" and the date of liquidation. Tropicana's counsel telephoned Customs' Tampa office on April 14, 1987 to obtain the date, and was told that the entries had been liquidated on March 13, 1987. Based upon this information which was, in fact, incorrect, counsel calculated the 90–day statutory deadline for filing a protest to be June 11, 1987. On June 5, 1987, Tropicana filed a protest. Customs liquidated the remaining three entries on June 5th and Tropicana filed a protest against them on June 16, 1987. Customs denied both protests on the merits and Tropicana consequently initiated a civil action contesting the denials. The U.S. Government then filed a motion to sever and dismiss on the grounds that the first protest was not filed within 90 days of

the notice of liquidation as prescribed by 19 U.S.C. § 1514 (1988). The CIT granted the motion and this appeal followed.

## ISSUE

The issue is whether the CIT erred in determining that Tropicana's first protest was untimely because it was filed more than 90 days after the posting of the bulletin notice of liquidation.

## OPINION

The resolution of the above issue requires this court to consider what constitutes proper notice of liquidation for purposes of establishing a 90–day deadline for filing a protest.

Under 19 U.S.C. § 1500(e) (1988), a customs officer shall "give notice of such liquidation to the importer ... in such form and manner as the Secretary shall prescribe in ... regulations." The statute further provides that a protest against liquidation must be filed "within 90 days after but not before ... notice of liquidation." 19 U.S.C. § 1514(c)(2) (1988).

The pertinent regulation, 19 C.F.R. § 159.9 (1989), provides, in part, that:

(a) *Bulletin notice of liquidation.* Notice of liquidation of formal entries shall be made on a bulletin notice of liquidation, Customs Form 4333....

(b) *Posting of bulletin notice.* The bulletin notice of liquidation shall be posted for the information of importers in a conspicuous place in the customhouse at the port of entry....

(c) *Date of Liquidation—*(1) *Generally.* The bulletin notice of liquidation shall be dated with the date it is posted or lodged in the customhouse for the information of importers. The entries for which the bulletin notice of liquidation has been prepared shall be stamped "Liquidated," with the date of liquidation, which shall be the same as the date of the bulletin notice of liqui-

---

1. 28 U.S.C. § 1581(a) (1988) states:
    (a) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.

dation. This stamping shall be deemed the legal evidence of liquidation.

Tropicana argues that liquidation was incomplete because notice was defective due to the lack of a "Liquidation" stamp and date of liquidation on the entries—the prescribed "legal evidence of liquidation," under Section 159.9(c)(1). Thus, according to Tropicana, the statutory period for protesting the liquidation was tolled until the notice defect was corrected, i.e., on either March 13, 1987 (the date given over the telephone by Customs) or on April 14, 1987 (the date counsel for Tropicana telephoned Customs to obtain the date of liquidation). It concludes that the protest filing was timely because June 5, 1987 was within 90 days of either of these dates.[2]

We disagree. The regulation to which the statute directs us is clear. Section 159.9 states that notice of liquidation shall be made on a bulletin notice of liquidation, which shall be posted in the customhouse at the port of entry, and that the date of liquidation is the date the bulletin notice is posted in the customhouse. Contrary to Tropicana's assertion, we do not read the regulation to say that proper notice requires the above procedure *plus* the stamping and dating of entries. The requirements in section 159.9(c)(1) that entries shall be stamped and dated with the same date as the date on the bulletin notice and that as such "shall be deemed the legal evidence of liquidation" simply provides the importer with a form of documentary proof that liquidation has taken place. *See American Distilling Co. v. United States*, 32 Cust.Ct. 168, 171, CD 1598 (1954) (The Customs Court said that a stamp "Liquidated Jul–7 1950" on an entry, and a reference to the liquidation in a memorandum, received into evidence without objection, constitutes *prima facie* evidence that there had been such a liquidation.).

Furthermore, the issue raised here is not new. In *United States v. Charles H. Wyman & Co.*, 156 F. 97 (CCA 1907), an importer relied upon an incorrect date of liquidation on a consumption entry in calculating the protest deadline. When Customs found the protest to be untimely, the importer argued that the time for filing the protest should have run from the incorrect date indicated on the entry. The court rejected this argument stating that "the importer was not bound to take notice of the notations made by the liquidating clerk on the entry but was bound to take notice of the liquidation bulletin sheet posted for inspection by importers...." *Id.* at 99.

More recently, in *Goldhofer Fahrzeugwerk GmbH & Co. v. United States*, 885 F.2d 858, 860 (Fed.Cir.1989) which involved the question of whether Customs regulations require the mailing of courtesy notices, this Court reiterated the view that the only required notice of liquidation is bulletin notice. It said: "The plain language of the implementing regulations is clear that the only notice of liquidation required is bulletin notice 'posted for the information of importers in a conspicuous place in the customhouse at the port of entry.' 19 C.F.R. § 159.9(b) (1988)." *Id.* The court further concluded after a lengthy analysis that bulletin notice, unaccompanied by any other form of notice, satisfies Constitutional due process requirements. *Id.* at 860–63; *see also United States v. Reliable Chemical Co.*, 66 C.C.P.A. 123, 605 F.2d 1179, 1184 (1979) ("To weaken or ignore clear and specific rules regarding the bulletin notice of liquidation could result in such uncertainty as to produce unfairness to the Government and to other importers."); *Henry A. Wess, Inc. v. United States*, 54 CCPA 77, 81, CAD 910 (1967) ("We consider sound the rationale applied by the Customs Court that: '... it is the plain duty of a prudent importer ... to examine all notices posted in order to determine whether or not liquidations have been made on entries with which said importer is concerned.'").

Thus, the law regarding what constitutes notice of liquidation for purposes of establishing a 90–day protest filing deadline is well-settled. Because the record shows that Customs satisfied all of the procedural

---

**2.** Alternatively, Tropicana argues that since the defective notice was never cured, the liquidation remains incomplete and the limitations period has not yet begun to run.

requirements for establishing notice of liquidation in this case, Tropicana's reliance upon *United States v. Astra Bentwood Furniture Co.*, 28 CCPA 205, 213, CAD 147 (1940), *Commonwealth Oil Ref. Co. v. United States*, 332 F.Supp. 203, 204 (Cust. Ct.1971) and *Schering Corp. v. United States*, 67 C.C.P.A. 83, 626 F.2d 162, 166 (1980) for the proposition that procedural non-compliance results in an incomplete liquidation, is misplaced. We conclude, as did the CIT, that liquidation was complete and there was therefore no basis for extending or tolling the period for filing a protest. By merging the concepts of "notice" and "legal evidence," Tropicana simply attempts to contrive a legal defect in the liquidation so as to overcome the fact that it failed to consult the bulletin notice to obtain the liquidation date, and consequently filed an untimely protest.

## CONCLUSION

Because we conclude that the CIT did not err in determining that Tropicana's first protest was untimely because it was filed more than 90 days after the posting of the bulletin notice of liquidation in a conspicuous place in the customhouse at the port of entry, the CIT's granting of the Government's motion to sever and dismiss this protest is

AFFIRMED.