INTERCARGO INSURANCE
COMPANY, Plaintiff,

v.

The UNITED STATES of
America, Defendant.

Slip Op. 96–129.
Court No. 94–05–00269.

United States Court of
International Trade

Aug. 12, 1996.

Hodes & Pilon (Wayne Jarvis, Michael G. Hodes, and James L. Sawyer), Chicago, IL, for plaintiff.

Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Rhonda K. Schnare), for defendant.

## MEMORANDUM OPINION
## AND ORDER

DiCARLO, Chief Judge:

Intercargo Insurance Company, a corporate surety, provides customs bonds in the customs territory of the United States. Intercargo filed a complaint alleging, *inter alia,* the United States Customs Service regulation regarding delinquent sureties, 19 C.F.R. § 113.38 (1994), violates due process and is subject to the statute of limitations.

Defendants moved to dismiss claiming a lack of jurisdiction based on standing, ripeness, and finality of agency action. Intercargo argued that the notices Customs sent to Intercargo pursuant to 19 C.F.R. § 113.38 constituted an imminent threat of sanctions through nonacceptance of Intercargo's bonds at the district, regional, and national levels, and would entitle it to pre-enforcement review. Upon consideration of these motions,

this court granted defendant's motion to dismiss. *Intercargo Ins. Co. v. United States*, 912 F.Supp. 544 (Ct.Int'l Trade 1995).

## DISCUSSION

By the present motion, Intercargo seeks a rehearing of the court's decision pursuant to Rule 59 of this court. Intercargo claims: (1) that the court's refusal to permit discovery or conduct an evidentiary hearing constituted a significant flaw in the proceedings, and (2) that the court's denial of Intercargo's partial summary judgment motion was improper.

Rule 59(a) of this court permits a rehearing for any of the reasons for which rehearings are granted in suits in equity in United States courts, USCIT R. 59(a), and the court may use its sound discretion in deciding whether to grant or deny a motion for a rehearing, USCIT R. 59(a); *Xerox Corp. v. United States*, Slip.Op. 96–107 at 2, 1996 WL 392228 (Ct.Int'l Trade July 9, 1996).

▇ The purpose of a rehearing is not to relitigate a case. *BMT Commodity Corp. v. United States*, 674 F.Supp. 868, 869 (Ct. Int'l Trade 1987), *aff'd per curiam*, 852 F.2d 1285 (Fed.Cir.1988), *cert. denied*, 489 U.S. 1012, 109 S.Ct. 1120, 103 L.Ed.2d 183 (1989). Rather, a court will grant a rehearing only under certain limited circumstances. These circumstances include where the original proceeding suffered from: (1) an error or irregularity; (2) a serious evidentiary flaw; (3) the absence of new evidence which even a diligent party could not have discovered in time; or (4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case. *Xerox*, Slip Op. 96–107 at 2–3, 1996 WL 392228 (*citing Kerr–McGee Chem. Corp. v. United States*, 14 Ct. Int'l Trade 582, 583, 1990 WL 127166 (1990)). Further, the court will not disturb its previous decision unless it is manifestly erroneous. *United States v. Gold Mountain Coffee, Ltd.*, 601 F.Supp. 212, 214 (Ct.Int'l Trade 1984) (citing *Quigley & Manard, Inc. v. United States*, 496 F.2d 1214 (C.C.P.A.1974)). With these standards in mind, the court turns to Intercargo's arguments.

## A. Intercargo's Discovery Requests

Intercargo argues that the court's refusal to permit discovery or conduct an evidentiary hearing constituted a significant flaw in the proceedings. According to Intercargo, the court's Scheduling Order stayed discovery pending a ruling on initial dispositive motions, and therefore, forced Intercargo to oppose the Government's Motion to Dismiss based solely upon the notices issued by Customs under subsection 113.38(c)(4). By placing a heavy burden on the surety to demonstrate that its losses were sufficient for pre-enforcement review, Intercargo argues this court treated the government's Motion to Dismiss as a motion for summary judgment. Intercargo contends that discovery is necessary to expose fully the imminence of the injury it faces from Customs. Intercargo notes that Customs has continued to send it notices threatening sanction pursuant to 19 C.F.R. § 113.38(c)(4).

Intercargo alleged two types of injury. First, that Customs' notices threatening sanctions issued pursuant to 19 C.F.R. § 113.38(c)(4) (1994) were "concrete and particularized" and demonstrated that Intercargo was "one day away" from being sanctioned. *Intercargo*, 912 F.Supp. at 546. Such sanctions, according to Intercargo, would be disastrous for the company. (Compl. ¶ 30.) Second, Intercargo contended that responding to the (c)(4) notices consumed significant resources and had placed a substantial burden on the surety. *Id.*

▇ The court accepted Intercargo's general factual allegations as true, but found that Intercargo purported no allegations outside the issuance of subsection 113.38(c)(4) notices to demonstrate the imminence of Customs' sanctions. *Intercargo*, 912 F.Supp. at 546. The court therefore granted defendant's Motion to Dismiss. *Cf. Schering Corp. v. United States*, 626 F.2d 162, 167 (C.C.P.A. 1980) (finding no error in Customs Court's ruling denying rehearing absent facts in either importer's response to cross motion to dismiss or its motion for rehearing which would establish jurisdiction). The court did not, *sua sponte*, transform the government's motion into a motion for summary judgment,

as Intercargo could not demonstrate its entitlement to pre-enforcement review.

Subsection (c)(4) letters merely present *notice* that Customs officials could refuse to accept the bonds of a delinquent surety at the district, regional, or national level, 19 C.F.R. § 113.38(c)(4), and, further, "provide an opportunity for resolution of outstanding debts." 19 C.F.R. § 113.38(c)(5); *Intercargo,* 912 F.Supp. at 546. Nonetheless, the sanctions threatened in the notices are within Customs' discretion and take effect *only* after review, final decision, and written notice by the appropriate Customs official pursuant to subsection 113.38(c)(5). *Intercargo,* 912 F.Supp. at 546–48.

By the terms of the regulation, Customs cannot sanction Intercargo without following certain prescribed procedures. Customs has yet to take such steps. Thus, even if the court accepts Intercargo's allegations that it has received subsection 113.38(c)(4) notices, feels threatened by the potential sanctions, and is heavily burdened in responding to the notices, Customs has not committed any act demonstrating that sanctions are imminent. Until Customs issues Intercargo a notice pursuant to subsection 113.38(c)(5) (establishing effective date for sanctions), the court cannot speculate that Customs will ever sanction Intercargo. For this reason, the additional (c)(4) letters that Customs has sent Intercargo do not alter the reality that Customs has not made a decision to sanction Intercargo, and has not commenced the procedures mandated by the regulations necessary to do so.

Discovery, therefore, would not aid Intercargo in its attempt to demonstrate its entitlement to pre-enforcement review, because

Customs is still bound to abide by its regulations. The indisputable fact remains that Customs' intent is of little significance if Customs has not issued notice pursuant to subsection 113.38(c)(5) that it will impose sanctions. Even if certain evidence exists that would clarify Customs' intent, Customs must still follow the procedures established by the regulations, and given its discretion, Customs is free to change its position at any time. After discovery, Intercargo would not be any closer to meeting the requirements for pre-enforcement review. Although Intercargo alleges the court has made improper findings of fact in granting defendant's Motion to Dismiss, Intercargo, in actuality, is demanding that the court accept its conclusions of law as general factual allegations. The court's findings that Customs' (c)(4) letters do not constitute an imminent threat were conclusions of law based on the court's reading of the plain language of the regulation.

Finally, although Intercargo has expended time and costs in responding to these letters and was concerned about the effect of sanctions on its reputation, this court's previous opinion has noted that such transactions and Intercargo's concerns are not "outside of Intercargo's ordinary responsibilities as a surety," because resolution of such debts at the administrative level would further the goals of judicial efficiency and serves the administrative process. *Intercargo,* 912 F.Supp. at 546; *cf. Gardner v. Toilet Goods Ass'n, Inc.,* 387 U.S. 167, 172–73, 87 S.Ct. 1526, 1529–30, 18 L.Ed.2d 704 (finding $49,000,000 cost for compliance as substantial hardship). Although the court assumed Intercargo's general allegations of fact in its Complaint were true,[1] the court found these allegations did

---

1. In ruling upon a Motion to Dismiss, the court is "required to accept as true all material allegations of the *complaint." McKinney v. United States Dep't of Treasury,* 799 F.2d 1544, 1558 (Fed.Cir.1986) (citations omitted) (emphasis added). Further, "the complaining party must set forth the claims of injury and other [C]onstitutional and prudential requirements of standing with some specificity and concreteness." *Id.* In its Complaint, Intercargo did not allege that responding to the notices has been burdensome, or even that the *issuance* of a (c)(5) notice would necessarily effect its operations. Intercargo's Complaint only alleges that

If Customs is permitted to continue threatening Intercargo under the amorphous standards and purported authority of Section 113.38, Intercargo will wrongfully be required to conduct its business affairs in an atmosphere of constant fear and uncertainty. More significantly, if Customs is permitted to *refuse to accept* Intercargo's bonds under Section 113.38, it will have a substantial, detrimental effect upon Intercargo's reputation and business operations, resulting in immediate, irreparable injury, loss and damage without adequate remedy at law.

(Complaint ¶ 30) (emphasis added). Although the Complaint discusses what would happen if

not warrant the court's premature examination of the claim. *Gardner,* 387 U.S. at 172, 87 S.Ct. at 1529 (finding burden for pre-enforcement review substantial). Accordingly, the court did not improperly dismiss Intercargo's factual allegations as untrue, but rather found them insufficient to meet the hardship threshold for pre-enforcement review. *See Abbott Laboratories v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967) (finding that pre-enforcement review threshold requirements prevent courts from entangling themselves in abstract disagreements over administrative policies.)

## B. Intercargo's Motion for Summary Judgment

Intercargo also contends that the court's denial of its Motion for Partial Summary Judgment motion was improper. According to Intercargo, it never fully briefed its partial summary judgment motion because the court stayed the government's response to the motion. Moreover, Intercargo claims that court did not consider its Motion for Partial Summary Judgment at oral argument or address the motion's merits. As such, Intercargo contends the court must amend the conclusion to its prior opinion to efface the court's denial of its motion.

■ The court disagrees. Intercargo's Motion for Partial Summary Judgment was properly denied because the surety's lack of standing, as discussed *supra* in part A, rendered its motion moot. Accordingly, the court's denial of the motion (in the opinion's conclusion) followed naturally from granting defendant's Motion to Dismiss, because Intercargo no longer had an action upon which to rest its motion.

## CONCLUSION

Intercargo has failed to satisfy the requirements for a rehearing. Accordingly, Intercargo's Motion for Rehearing is denied.

Customs' actually refused Intercargo's bonds, Intercargo would still be able to contest Customs'

## JUDGMENT ORDER

This action having been submitted for decision, upon due deliberation, and in conformity with the decision rendered, it is hereby

ORDERED that Intercargo's Motion for Rehearing is denied.

